## CIRCUIT COURT OF FAIRFAX COUNTY

Daniel S. Cotlow

v.

Virginia Employment
Commission et al.

May 5, 1994

Case No. (Law) 128797

BY JUDGE J. HOWE BROWN

This matter is before the Court for consideration of the Petition for Judicial Review of a determination made by the Virginia Employment Commission (hereinafter "VEC") filed by Mr. Daniel Cotlow. Cotlow brings this Petition pursuant to Va. Code § 60.2-625. In this proceeding, the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, are conclusive, Va. Code § 60.2-625(A). Since there is no indication of fraud and since the findings of the Commission are amply supported by the evidence, the Court is left to determine the legal significance of those findings.

A Deputy of the VEC determined that Cotlow was ineligible to receive unemployment benefits for the period from September 6, 1992, through September 12, 1992. Cotlow timely perfected an appeal (the "First Appeal") and on November 16, 1992, he received notice from the VEC that the First Appeal was decided in his favor and that he was qualified to receive benefits.

The instant action concerns Cotlow's eligibility for benefits during the period from September 13, 1992, through November 28, 1992. For the most part, this period is the period during which Cotlow's First Appeal was pending. Cotlow filed with the VEC Continued Claim for Benefits Forms relevant to the period on December 4, 1992. At the same time, Cotlow filed a form for the period from August 30, 1992, to September 12,

1992, a period to which the instant review is not directed. He was denied benefits for the entire period and appealed (the "Second Appeal"). A. C. Leigh, the Appeals Examiner in the Second Appeal, ruled against Cotlow, finding that Cotlow was ineligible for benefits under the VEC's regulations since he had submitted his forms late. Cotlow appealed and argued before Mr. David Latham, Special Examiner, who affirmed Leigh's decision.

## I. *The Parties' Positions*

Under Va. Code § 60.2-612(5) and (6), eligibility depends on the applicant's having registered for work, having continued to report at an employment office and having made a claim for benefits in accordance with regulations the VEC may prescribe. During the relevant period, Cotlow continued to register for work; however, the VEC determined that because Cotlow submitted his forms outside the prescribed twenty-eight day period, he was ineligible for unemployment benefits for failure to act in accordance with the VEC's regulations. Neither Leigh nor Latham applied any exception permitted under Va. Code § 60.2-612(5) or VR 300-01-3.1.C3.

Both Leigh and Latham found the written information provided to Cotlow to be clear and applied Regulation VR 300-01-3.1.C4 in denying his eligibility. The Regulation provides:

> An individual shall be deemed to have reported at the proper time if he claims benefit rights within twenty-eight days after the calendar week ending date of his last continued claim filed, or the calendar date on which the initial claim was filed . . . Failure to file within the time limit shall automatically suspend the claim series and the claimant must file an additional or reopened claim in accordance with subdivision C3 of this section in order to begin a new claim series.

Cotlow has contended that the oral and written information given to him by agents of the VEC was confusing and inaccurate. Cotlow argues that the information given him did not inform him that by failing to timely file his Continued Claim for Benefits Forms he would forfeit his claim for benefits with regard to the disputed period forever. In his testimony before Leigh, Cotlow indicated that he was uncertain as to the correct procedure for filing his forms during the pendency of the First Appeal. He contacted the unemployment office whose oral advice led him to believe that he need not continue filing the Continuance forms during the pendency of the First

Appeal. Consequently, Cotlow withheld filing the forms until a decision had been reached in the First Appeal.

According to Cotlow, because the written instructions he received were confusing and because the agent gave him incorrect information, the VEC should have applied an exception under VR 300-01-3.1.C3 and waived the defect in his untimely filing. Cotlow has also argued that the requirement that claimants continue to file forms while an appeal is pending is oppressive and that Commission should waive the filing requirement pursuant to Va. Code § 60.2-612(5).

## II. *The Written Instructions*

A written instruction on the Notice of Appeal directs:

> THE CLAIMANT SHOULD NOTE that eligibility to receive benefits is established on a week-to-week basis. It is important that you file your claims as directed while this appeal is pending to protect your continuing right to benefits. Failure to file your claims promptly may result in the denial of benefits [emphasis in original].

The Unemployment Insurance Handbook for Claimants revised October, 1991, the revision given to Cotlow, details at para. 5 on page 2 the method for filing Continued Claim Forms:

> 5. File your claim for benefits in a timely manner. Your Continued Claim for Benefits form must be received within 28 calendar days from the end of the last week claimed. If you are filing your first Continued Claim for Benefits form, it must be received within 28 days of the date on which your claim was filed.
>
> If you fail to file within the specified time limit, you will be denied benefits until you report to the local office to reopen your claim.

This section was subsequently amended. In the 1992 revision, the same paragraph includes a warning that:

> You will lose benefit entitlement for all weeks between the last week timely claimed and the week you report to resume your claim series unless you can show that you had good cause not to file on time.

Leigh and Latham maintained that the original instructions were clear and understandable by Cotlow. Cotlow has indicated that the original instructions fail to indicate possible permanent loss of benefits.

### III. *The Oral Instructions*

After filing the First Appeal, Cotlow contacted the unemployment office which informed him that "if [he] applied for [his] benefits on a weekly basis, each week [of his ineligibility he would] have to file [a] separate appeal." (Transcript taken before Leigh, February 25, 1993, page 58). The VEC's agent implied that if Cotlow did not file during the pendency of the First Appeal, he could wait until the appeal was resolved and file afterward.

### IV. *Conclusion*

The Court recognizes the legitimate purpose argued by Mr. Latham that the VEC has in requiring filing Continued Claim for Benefits Forms during the pendency of an appeal. When claimants timely file the forms, the VEC is better able to verify with employer contacts that claimants have made legitimate efforts to secure employment during each period. The longer the delay in form filing, the greater the risk that the employers will be unable to confirm to the VEC contact by the claimant. Thus, the VEC seeks to maintain integrity within the system by timely monitoring legitimate employment-seeking activities. For this reason, the filing requirement is neither oppressive nor inconsistent with the purposes of the Unemployment Compensation title and Va. Code § 60.2-612(5) is inapplicable.

However, notwithstanding the "clear" handbook instructions and the instructions on the appeal form, a VEC agent instructed Cotlow to delay filing his forms. Cotlow was led to believe that if he continued filing during the pendency of the First Appeal, he would be obligated to appeal each filing. The VEC agent implied that he should, therefore, withhold filing. Because the oral instructions given to Cotlow contradicted the VEC's strict reading of the handbook instructions and Cotlow relied on them, the oral instructions were misleading.

Virginia Regulation 300-01-3.1.C3(a) provides an exception to strict application of the VEC's regulations where:

> a. The Commission is at fault due to a representative of the Commission giving inadequate or misleading information to an individual about filing a claim.

In light of the misleading oral instructions, the Regulation is dispositive. Contrary to Latham's assertion, the Regulation does not dictate that "[Cotlow] had a duty to investigate further if he believed that a Commission employee was telling him something that contradicted those written instructions." (Decision of Commission, No. 41663-C, page 4, December 6, 1993). Rather than requiring Cotlow to investigate the inconsistency between written and oral representations, the Regulation puts the burden of correctly construing filing procedures on the VEC.

Ironically, even counsel for the VEC had difficulty in explaining to this Court the procedure for filing Continued Claim for Benefits Forms. This Court recognizes that the 1992 revisions to the handbook are in fact clearer and more detailed than the 1991 edition.

For the reasons stated above, the decision of the VEC is reversed and Cotlow is eligible for unemployment compensation benefits for the period from September 13, 1992, through November 28, 1992. This Court affirms the VEC's decision regarding the period from August 30, 1992, to September 12, 1992, since this period antedates the period of the First Appeal which raised the point of confusion in the Second Appeal.